# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUSSELL TARDO, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-1165-LMA-SS** |
| **STATE FARM INSURANCE COMPANY** | |

## ORDER

STATE FARM'S MOTION TO COMPEL (Rec. doc. 30)

**GRANTED IN PART AND DENIED IN PART**

PLAINTIFFS' MOTION TO QUASH (Rec. doc. 41)

**DENIED**

Before the undersigned are: (1) the motion of the defendant, State Farm Fire and Casualty Company ("State Farm"), to compel discovery from the plaintiffs, Russell Tardo and Diane Tardo; and (2) plaintiffs' motion to quash.

## STATE FARM'S MOTION TO COMPEL

On December 10, 2008, the trial was set for August 3, 2009 and the pretrial conference was set for July 9, 2009. The scheduling order provides that, "[d]epositions for trial use shall be taken and all discovery shall be completed no later than Tuesday, May 26, 2009." Rec. doc. 8.

On March 3, 2009, State Farm served its first set of written discovery. The plaintiffs responded by April 9, 2009. On April 22, 2009, State Farm served a second set of written discovery. There was a Local Rule 37.1 conference on April 27, 2009 regarding plaintiffs' responses to the first set of discovery. On May 5, 2009, the plaintiffs supplemented their responses to the first set of

discovery. On May 22, 2009, there was a Rule 37 conference regarding the second set of discovery. Rec. doc. 30 at 3. State Farm filed its motion to compel on May 26, 2009, the deadline for the completion of discovery. It contends that: (1) plaintiffs' responses to certain interrogatories in the first set of discovery were deficient; (2) plaintiffs failed to formally respond to the second set of discovery; and (3) plaintiffs' informal responses to certain interrogatories and requests for production in the second set of discovery were deficient. Rec. doc. 30. The plaintiffs contend that their responses are sufficient and their objections are proper. Rec. doc. 40.

The plaintiffs' opposition includes supplemental responses to the discovery. The plaintiffs' responses, as supplemental, are satisfactory with two exceptions. Interrogatory no. 13(h) requested that the plaintiffs identify the rental income from the subject property which was reported to the IRS for the years 2003 through 2008. The plaintiffs respond that they "do not remember the rental income amounts that were reported to the Internal Revenue Service." Rec. doc. 40 at 2. They add that after a diligent search they cannot find records. While Hurricane Katrina may have destroyed records for 2003 through August 29, 2005, there is no explanation for why the plaintiffs would not have records for income reported after the storm. The plaintiffs report the names of two current tenants but do not explain why they do not have any records of rental income received from them. Id. at 4. The plaintiffs also refused to supply State Farm with authorizations to permit it to obtain the tax returns. They contend that the tax returns are privileged documents.

Pursuant to Natural Gas Pipeline Company of America v. Energy Gathering, Inc., 2 F.3d 1397, 1411 (5th Cir. 1993), a party requesting tax returns must demonstrate both relevance and a compelling need. The information on the rental income from the property is relevant. The plaintiffs make no argument to the contrary. State Farm has a compelling need for the returns because the

2

plaintiffs are not able to furnish any documentation on the rental income for the properties. The plaintiffs will be required to produce properly executed authorizations. The plaintiffs' tax returns shall be produced subject to a protective order to maintain their confidentiality.

## **PLAINTIFFS' MOTION TO QUASH**

The plaintiffs contend that the depositions of the three non-party contractors should be quashed because they were scheduled for June 5, 2009 which is beyond the May 26, 2009 deadline.

State Farm contends that: (1) at the March 9, 2009 settlement conference the plaintiffs were ordered to produce all receipts for the repairs to their property; (2) on April 9, 2009, they submitted some receipts; (3) on April 20, 2009, Russell Tardo testified that not all of the receipts were produced; (4) on May 12, 2009, the plaintiffs' expert testified that at the time of his July 3, 2008 inspection the repairs were complete and his estimate did not account for actual repair costs; (5) on May 15, 2009, State Farm served subpoenas on the three non-party contractors who made repairs to the property for all documents regarding the repairs to the plaintiffs' property; (6) the returns for the subpoenas were scheduled for June 5, 2009; and (7) in a follow-up deposition on May 20, 2009, Russell Tardo testified that he did not have all of the receipts. It urges that the subpoenas seek relevant documents. It argues that the subpoenas are timely because they were served prior to the deadline for the completion of discovery.

The subpoenas are not timely, but the plaintiffs have not been able to provide State Farm with complete records on their receipts or their rental income. State Farm has demonstrated good cause for a limited extension of the discovery deadline to secure the records from the three non-contractor parties and the plaintiffs' tax returns.

IT IS ORDERED that:

1. State Farm's motion to compel (Rec. doc. 30) is GRANTED in PART and DENIED in PART.

2. **Within five (5) working days of the entry of this order**, the plaintiffs shall provide State Farm with properly executed authorizations for the release of their income tax returns from the Internal Revenue Service.

3. **Within five (5) working days of the entry of this order**, the parties shall submit a consent protective order. If they are unable to agree on its terms, within the same deadline they shall submit separate proposed protective orders. The one which most nearly meets the needs of the case will be signed.

4. Plaintiff's motion to quash (Rec. doc. 41) is DENIED.

5. The discovery deadline is extended to July 1, 2009 for the limited purpose of completing the discovery described in this order.

New Orleans, Louisiana, this 19th day of June, 2009.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**